```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VANCE JACKSON,

                Petitioner,
                                              ORDER
     -against-                                11-CV-511(JS)

VINCENT DeMARCO, SHERIFF OF
SUFFOLK COUNTY, et al.,

                Respondents.
----------------------------------X
APPEARANCES:
For Petitioner:    Vance Jackson, Pro Se
                   Suffolk County Correctional Facility
                   100 Center Drive
                   Riverhead, New York 11901

For Defendants:    No appearances
```

SEYBERT, District Judge:

Vance Jackson, pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing Mr. Jackson's Petition, the Court sua sponte DISMISSES IT WITHOUT PREJUDICE.

BACKGROUND

Petitioner was convicted on October 20, 2010 of four counts of first degree burglary, four counts of first degree robbery, three counts of first degree assault, one count of criminal possession of a weapon in the second degree, and one count of endangering the welfare of a child. (Pet. at ¶ 1). Petitioner "contends that he suffered prejudice and errors, which occurred on the record at trial and was deprived of his fundamental rights to a fair trial and due process . . . ." (Id. at ¶ 7). According to

Petitioner, one of his co-defendants, Natalie Desir, made inconsistent statements during trial when questioned by the prosecution. (Id. at ¶ 10). Specifically, the Petition alleges that Ms. Desir initially stated at trial that Petitioner forced her to commit the burglary and later testified that she committed the burglary on her own volition. (Id.). Petitioner alleges that Ms. Desir further changed her story and claimed Benjamin Thompson, another co-defendant, had forced her to commit the burglary. (Id. at ¶ 14).

Petitioner made a post-trial motion pursuant to C.P.L. § 330.30 seeking to have the state trial court set aside the verdict, which was denied. (Id. at ¶ 5). The instant petition followed.

## DISCUSSION

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state court remedies, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). Additionally, the petitioner must "fairly present[]" these claims in the state court, without procedurally defaulting on them. (Id.).

Here, Petitioner's constitutional claims were asserted in only his post-trial CPL § 330.30 motion made to the state trial court. Petitioner has yet to appeal that determination to the New

York Appellate Division and/or the Court of Appeals. Consequently, Petitioner's § 2254 habeas claim is unexhausted and the Court must sua sponte dismiss it on that basis. See Henry v. Davis, No. 10-CV-5172(KAM), 2011 WL 319935, *1 (E.D.N.Y. Jan. 26, 2011); Nash v. Evans, 10-CV-0361, 2010 WL 1423196, at *2 (N.D.N.Y. Apr. 9, 2010); Foster v. Spitzer, No. 07-CV-0103, 2007 WL 1531904 (N.D.N.Y. March 5, 2007) (habeas petition dismissed where petitioner had not yet completed state appellate review of his claims). Petitioner may re-file his claim once he fully exhausts it in state court, if warranted. Accordingly, this case is DISMISSED WITHOUT PREJUDICE, and the Court will not issue a Certificate of Appealability pursuant to 28 U.S.C. 253(c)(1). The Clerk of the Court is directed to mark this matter closed. The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February  23  , 2011
       Central Islip, New York